UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. DEJOHN,<br><br>       Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>       Defendant. | Case No.: 1:17-cv-01644 DAD JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

Michael W. DeJohn seeks to proceed *pro se* and *in forma pauperis* with this action under the Federal Tort Claims Act. For the following reasons, the motion to proceed *in forma pauperis* is **GRANTED**. However, because the facts alleged are insufficient to determine whether Plaintiff can proceed in this action against the United States Department of Agriculture, the complaint is **DISMISSED** with leave to amend.

### I.    Motion to proceed in forma pauperis

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's application and finds he satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

////

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. Factual Allegations

Plaintiff asserts that during a fire-fighting effort that lasted for three weeks, "10 wheeled water tanker trucks utilized [his] driveway to access [his] water tank [and] well." (Doc. 1 at 5) Plaintiff alleges his "[s]eptic tank was crushed under [the] driveway during this time." (*Id.*) According to Plaintiff, the septic tank "was buried to Code without reservation for large commercial tankers." (*Id.*) He seeks an award of actual damages for the cost to have the septic tank replaced, in the amount of $5,498.85. (*Id.* at 6) In the alternative, Plaintiff requests the tank be replaced, connected, and covered by a "U.S.D.A. choice contractor." (*Id.*)

### V. Discussion and Analysis

The Federal Tort Claims Act provides district courts exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b). Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim with the appropriate federal agency

3

within two years of the act or injury. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deem denied, may a claimant file an action in federal court.[1] *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Significantly, exhaustion of administrative remedies is jurisdictional, and cannot be waived. *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000); *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly."). However, it is subject to equitable tolling in certain instances. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).

Plaintiff fails to allege when his septic tank was damaged, such that the Court may determine whether the claim is barred by an applicable statute of limitations. Similarly, the Court is unable to determine whether it has jurisdiction over this action, as Plaintiff fails to allege whether he made an administrative claim for the damage to his property, or whether the claim was denied. Consequently, it is unclear whether Plaintiff's claims are premature, timely, or time-barred.

## IV.    Conclusion and Order

Given the lack of factual allegations, the Court is unable to find it has jurisdiction over this action. Accordingly, Plaintiff will be given leave to amend his complaint, to provide information to the Court regarding if and when he made an administrative claim. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original

---

[1] An administrative claim must specify the amount of compensation requested, and a plaintiff may not later seek an amount in excess of the administrative claim. 28 U.S.C. § 2675. If the agency denies an administrative claim, suit must be filed within six months of the date of mailing of such denial. *Id.* If the agency does not respond to the administrative claim within six months, the claimant may consider the lack of decision to be a denial, and initiate a civil action. *Id.*

4

pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **December 21, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE