# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. DEJOHN, | Case No.: 1:17-cv-01644 - DAD-JLT |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

Michael W. DeJohn is proceeding *pro se* and *in forma pauperis* with this action against the United States Department of Agriculture. Because the facts alleged are insufficient to determine whether the action is barred by the statute of limitations governing claims under the Federal Tort Claims Act, the complaint is **DISMISSED** with leave to amend.

**I.      Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

1

The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**II.     Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Factual Allegations

Plaintiff asserts that during a fire-fighting effort that lasted from June 23 to July 11, 2016, "large tanker trucks utilized [his] driveway to access [his] water tank and well system." (Doc. 12 at 1) Plaintiff alleges the United States Depart of Agriculture Forest Service Fire Department was the supervising agency during the operation. (*Id.*) He asserts, "The Forest Service firefighters needed water and [Plaintiff's] water source was the only available one in the area."

According to Plaintiff, his "septic tank … was crushed under th[e] very heavy load" of the tanker trucks. (Doc. 12 at 1) He asserts the septic tank is "buried to code," but "did not hold up to the massive weight of 10 wheeled tankers filled with thousands of gallons of water." (*Id.*) Plaintiff reports he attempted to have the septic tank repaired, but learned "it was not able to be fixed an[d] is in need of replacement." (*Id.* at 12)

Plaintiff obtained quotes from two licensed contractors and sent a claim to the United States Department of Agriculture on December 2, 2016. (Doc. 12 at 2) He reports, "The USDA responded with a standard Form 95 (SF-95) request with the repair costs and other supporting documentation," which he sent to the USDA. (*Id.*) Plaintiff reports the USDA also requested "pictures and proof of ownership," which he provided. (*Id.*) On April 4, 2017, Plaintiff "received the letter from the USDA [Office of General Counsel] that the final administrative action relating to [his] claim was denial to cover this damage." (*Id.*) In addition, Plaintiff was informed: "If you disagree with this decision, you must begin action in the appropriate district court of the United States within six months after the date of mailing this letter." (*Id.* at 5)

///

## IV. The Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") provides district courts exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim with the appropriate federal agency within two years of the act or injury. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deem denied, may a claimant file an action in federal court. *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). An administrative claim must specify the amount of compensation requested, and a plaintiff may not later seek an amount in excess of the administrative claim. 28 U.S.C. § 2675. If the agency denies an administrative claim, suit must be filed within six months of the date of mailing of such denial. 28 U.S.C. § 2401(b). If the agency does not respond to the administrative claim within six months, the claimant may consider the lack of decision to be a denial, and initiate a civil action. 28 U.S.C. § 2675(a).

Significantly, exhaustion of administrative cannot be waived. *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000); *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("the exhaustion requirement … must be interpreted strictly."). However, the statute of limitations is subject to equitable tolling in certain instances. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).

## V. Discussion and Analysis

Plaintiff alleges that he received a letter dated April 4, 2017, indicating his claim was denied. (Doc. 12 at 2) Plaintiff attached a copy of the letter to his First Amended Complaint, which shows Plaintiff was informed "there was no evidence in the record to suggest that the damage to [his] septic tank was caused by the negligent or wrongful act or omission of a federal employee." (Doc. 12 at 5) Further, he was advised: "If you disagree with this decision, you must begin an action in the appropriate district court of the United States within six months after the date of mailing this letter. See

28 U.S.C. § 2401(b)." (Doc. 12 at 5)  Despite being aware that an action needed to be initiated with a district court no later than October 8, 2017[1], Plaintiff did not file a complaint until November 21, 2017. (Doc. 1 at 1)

Significantly, the Supreme Court of the United States determined that a statute of limitations is subject to tolling on equitable grounds. *Wong*, 135 S. Ct at 1632-32. However, the equitable tolling doctrine is "to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). A party seeking equitable tolling "bears a heavy burden to show that [they are] entitled to equitable tolling, 'lest the exceptions swallow the rule[.]'" *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2014) (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).

The Supreme Court determined "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (citation omitted). The first element "covers those affairs within the litigant's control," and prevents tolling "when a litigant was responsible for [his] own delay." *Id.*, 136 S. Ct. at 756. Thus, the Court must determine "whether the plaintiff was 'without any fault' in pursuing his claim." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd Wong*, 135 S. Ct. at 1630. The second element requires the party to show "some extraordinary circumstance stood in [his] way and prevented timely filing" of the action. *Menominee Indian Tribe*, 136 S. Ct. at 755 (citation omitted).

Plaintiff fails to address the fact that he filed his complaint after the six-month deadline. The Court is unable to determine whether Plaintiff was diligent in pursuing his claim or whether he was responsible for the delay. Without further factual allegations, the Court is unable to determine whether the doctrine of equitable tolling should be applied to this action.

## VI.     Conclusion and Order

Plaintiff will be given **a final opportunity** to amend his complaint, to provide information to the Court regarding his diligence, for the Court to determine whether the doctrine of equitable tolling

---

[1] An unidentified individual underlined the portion of the letter regarding the filing of an action with a district court and noted "October Deadline." (*See* Doc. 12 at 5)

5

should be applied in this case. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Plaintiff is again advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend; and
2. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a Second Amended Complaint.

**If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **February 12, 2018**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

6