UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL W. DEJOHN, | ) Case No.: 1:17-cv-01644 - DAD-JLT |
|---|---|
| Plaintiff, | ) ORDER FINDING SERVICE OF PLAINTIFF'S ) SECOND AMENDED COMPLAINT |
| v. | ) APPROPRIATE AND DIRECTING PLAINTIFF ) TO COMPLETE SERVICE DOCUMENTS |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) WITHIN THIRTY DAYS ) |
| Defendant. | ) ) |

Michael W. DeJohn is proceeding *pro se* and *in forma pauperis* with this action against the United States Department of Agriculture. For the following reasons, the Court finds service of the Second Amended Complaint is appropriate and directs Plaintiff to complete and return the attached service documents.

**I.    Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The Court must screen the Second Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**II.     Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

| | |
|---|---|
| 1 | The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, |
| 2 | "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court |
| 3 | "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a |
| 4 | claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal* |
| 5 | *Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted |
| 6 | to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d |
| 7 | 1122, 1127-28 (9th Cir. 2000) (en banc). |

### III.    Factual Allegations

Plaintiff asserts that during a fire-fighting effort that lasted from June 23 to July 11, 2016, "large tanker trucks utilized [his] driveway to access [his] water tank and well system." (Doc. 14 at 1) Plaintiff alleges the United States Depart of Agriculture Forest Service Fire Department was the supervising agency during the operation. (*Id.*) He asserts, "The Forest Service firefighters needed water and [Plaintiff's] water source was the only available one in the area." (*Id.*)

According to Plaintiff, his "septic tank … was crushed under th[e] very heavy load" of the tanker trucks. (Doc. 15 at 1) He asserts the septic tank was "buried to code but the residential septic tank did not hold up to the massive weight of 10 wheeled tankers filled with thousands of gallons of water." (*Id.*) Plaintiff reports he attempted to have the septic tank repaired, but learned "it was not able to be fixed an[d] is in need of replacement." (*Id.* at 2)

Plaintiff obtained quotes from two licensed contractors and sent a claim to the United States Department of Agriculture on December 2, 2016. (Doc. 14 at 2) He reports, "The USDA responded with a standard Form 95 (SF-95) request with the repair costs and other supporting documentation," which he sent to the USDA. (*Id.*) Plaintiff reports the USDA also requested "pictures and proof of ownership," which he provided. (*Id.*) On April 4, 2017, Plaintiff "received the letter from the USDA [Office of General Counsel] that the final administrative action relating to [his] claim was denial to cover this damage." (*Id.*) In addition, Plaintiff was informed: "If you disagree with this decision, you must begin action in the appropriate district court of the United States within six months after the date of mailing this letter." (*Id.* at 7)

///

## IV. Discussion and Analysis

The Federal Tort Claims Act provides district courts exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim with the appropriate federal agency within two years of the act or injury. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deem denied, may a claimant file an action in federal court. *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). An administrative claim must specify the amount of compensation requested, and a plaintiff may not later seek an amount in excess of the administrative claim. 28 U.S.C. § 2675. If the agency denies an administrative claim, suit must be filed within six months of the date of mailing of such denial. 28 U.S.C. § 2401(b). If the agency does not respond to the administrative claim within six months, the claimant may consider the lack of decision to be a denial, and initiate a civil action. 28 U.S.C. § 2675(a).

Plaintiff alleges that he obtained "licensed contractor quotes to repair" his septic tank to determine the amount of damages and submitted a claim to the United States Department of Agriculture. (Doc. 14 at 2) In addition, Plaintiff asserts he submitted proof of ownership and photos as requested by the Department. (*Id.*) Plaintiff was informed his administrative claim was denied in a letter dated April 4, 2017. (*Id.*)

Plaintiff attached a copy of the denial letter to his Second Amended Complaint, which shows Plaintiff was informed "there was no evidence in the record to suggest that the damage to [his] septic tank was caused by the negligent or wrongful act or omission of a federal employee." (*Id.* at 7) Further, Plaintiff was advised: "If you disagree with this decision, you must begin an action in the appropriate district court of the United States within six months after the date of mailing this letter. *See* 28 U.S.C. § 2401(b)." (Doc. 14 at 7) Based upon the facts alleged, the Court finds Plaintiff may

state a cognizable claim under the Federal Tort Claims Act.[1]

**V.     Conclusion and Order**

For the reasons set forth above, the Court finds Plaintiff states a cognizable claim under the Federal Tort Claims Act and service of the Second Amended Complaint is appropriate. Accordingly, the Court **ORDERS**:

1. Service of Plaintiff's Second Amended Complaint is appropriate for, and shall be initiated on the United States Department of Agriculture.

2. The Clerk of the Court is directed to send Plaintiff one USM-285 form, one summons, one Notice of Submission of Documents form, an instruction sheet, and a copy of the Second Amended Complaint filed on March 12, 2018 (Doc. 14).

3. Within **thirty days** from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a.   A completed USM-285 form for the defendant listed above;

    b.   A completed summon for the defendant listed above; and

    c.   Two copies of the Second Amended Complaint.

4. Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

---

[1] Although the Court is concerned about the timeliness of the filing of the complaint, it is now aware of the extensive procedural history and Plaintiff's legal efforts in pursuing a claim for the repair of his septic tank, including the filing of a complaint in the state court on June 13, 2017. (*See* Doc. 14 at 3)

The state court action was removed to the federal court, thereby initiating Case No. 1:17-cv-1289-DAD-JLT. The defendant filed a motion to dismiss, and the Court held a hearing on the motion on November 21, 2017. Evidentially, at that time, Plaintiff was advised that he could file a new action under the Federal Tort Claims Act, and the same information was provided in a written order dated November 30, 2017. (*See* Doc. 11 at 5, n. 2, Case No. 1:17-cv-1289-DAD-JLT)

The very same day, Plaintiff filed a new complaint, which initiated Case No. 1:17-cv-1558-AWI-SKO. Unfortunately, the Court's random assignment of cases resulted in the action being assigned to judges who were unaware of the procedural history. The Court transferred the matter to the Central District of California due to a belief that the property in issue was located in Los Angeles County based upon Plaintiff's mailing address. The case returned to the Eastern District once Plaintiff alerted the court of the error, thereby initiating the action before the Court.

Thus, at this time, the Court declines to determine whether the complaint is timely or whether equitable tolling should be applied.

5. **Plaintiff is cautioned that failure to comply with this order may result in dismissal of the action pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: __**April 3, 2018**__            __**/s/ Jennifer L. Thurston**__
                                                                          UNITED STATES MAGISTRATE JUDGE