UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. DEJOHN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendant. | Case No.: 1:17-cv-01644 - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 24) |

Michael W. DeJohn is proceeding *pro se* with an action under the Federal Tort Claims Act, asserting his property was damaged during a fire-fighting effort in 2016. The United States Department of Agriculture seeks dismissal of the action pursuant to Rule 12 12(b)(1), (4), (5), and (6). (Doc. 24) The Court held a hearing on the motion on August 27, 2018, but Mr. DeJohn failed to attend and failed to file any opposition to the motion. For the following reasons, Defendant's motion to dismiss is **DENIED**.

**I.****Background**

Plaintiff asserts that during a fire-fighting effort that lasted from June 23 to July 11, 2016, "large tanker trucks utilized [his] driveway to access [his] water tank and well system." (Doc. 14 at 1) Plaintiff alleges the United States Depart of Agriculture Forest Service Fire Department was the supervising agency during the operation. (*Id.*) He asserts, "The Forest Service firefighters needed water and [Plaintiff's] water source was the only available one in the area." (*Id.*)

1

According to Plaintiff, his "septic tank … was crushed under th[e] very heavy load" of the tanker trucks. (Doc. 15 at 1) He asserts the septic tank was "buried to code but the residential septic tank did not hold up to the massive weight of 10 wheeled tankers filled with thousands of gallons of water." (*Id.*) Plaintiff reports he attempted to have the septic tank repaired, but learned "it was not able to be fixed an[d] is in need of replacement." (*Id.* at 2)

Plaintiff obtained quotes from two licensed contractors and sent a claim to the United States Department of Agriculture on December 2, 2016. (Doc. 14 at 2) He reports, "The USDA responded with a standard Form 95 (SF-95) request with the repair costs and other supporting documentation," which he sent to the USDA. (*Id.*) Plaintiff reports the USDA also requested "pictures and proof of ownership," which he provided. (*Id.*) On April 4, 2017, Plaintiff "received the letter from the USDA [Office of General Counsel] that the final administrative action relating to [his] claim was denial to cover this damage." (*Id.*) In addition, Plaintiff was informed: "If you disagree with this decision, you must begin action in the appropriate district court of the United States within six months after the date of mailing this letter." (*Id.* at 7)

On August 29, 2017, Plaintiff filed a complaint seeking damages for the repair of his septic tank in the state court, Case No. CS-17-002719.[1] (*See* Case. No. 1:17-cv-1289-DAD-JLT, Doc. 1-1 at 4) On September 28, 2017, the state court action was removed to the federal court, thereby initiating Case No. 1:17-cv-1289-DAD-JLT. The defendant filed a motion to dismiss, and the Court held a hearing on the motion on November 21, 2017. Evidently, at that time, Plaintiff was informed that his action could not proceed. The same day as the hearing, Plaintiff filed a new complaint, which initiated Case No. 1:17-cv-1558-AWI-SKO. The Court issued a written order granting the motion to dismiss on November 30, 2017, and at that time, "Plaintiff [was] advised that he is not barred by this order from

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). Accordingly, the Court takes judicial notice of the filing date of the complaint indicated by the clerk in Kern County Superior Court, Case No. CCS-17-002719.

bringing an action in federal court raising the same claim or claims." (*See* Doc. 11 at 5, n. 2, Case No. 1:17-cv-1289-DAD-JLT)

Due to the Court's random assignment of cases, the complaint filed on November 21, 2017 was assigned to judges who were unaware of the procedural history. The Court transferred the matter to the Central District of California, due to a belief that the property in issue was located in Los Angeles County due to Plaintiff's mailing address. The case returned to the Eastern District once Plaintiff alerted the court of the error.

The Court reviewed the allegations of the pleadings pursuant to 28 U.S.C. § 1915(e)(2), and determined service was appropriate, and directed the plaintiff to complete and return the service documents, including Form USM-285. (Doc. 15) In the instructions for completing the service documents, Plaintiff was informed: "

> For service of any process upon an officer or agent of the United States Government, submit a copy of the writ and a set of Form USM-285 for each officer or agent upon whom service is desired. Submit three (3) additional copies of the writs for service upon the Government of the United States. The U.S. Marshal will serve one (1) upon the U.S. Attorney and will forward two (2) to the Attorney General of the United States.

(Doc. 15-1 at 3)

Plaintiff submitted 1 Summons, 1 USM-Form, and 2 copies of the amended complaint on May 7, 2018. (Doc. 16) On May 11, 2018, the Court ordered the United States Marshal "to notify the defendant of the commencement of this action and to request a waiver of service in accordance with Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c). (Doc. 17 at 2) In the event that a waiver of service was not returned, the U.S. Marshal was directed "to personally serve process and a copy of this order on the defendant pursuant to Federal Rule Civil Procedure 4 and 28 U.S.C. § 566(c)." (*Id.*)

On May 14, 2018, an employee of the United States Marshals Service sent an e-mail to Joseph Freuh, an Assistant United States Attorney in the Civil Division of the United States Attorney's Office for the Eastern District of California, "an e-mail asking how to effect service of process on USDA in the above-captioned case." (Doc. 24-2 at 2, Freuh Decl. ¶¶ 1-2) Mr. Freuh asserts that he "advised USMS to comply with Federal Rule of Civil Procedure 4(i)" on May 15, 2018 (*Id.*, ¶ 2) In particular, Mr. Freuh explained:

> service on a federal agency requires three steps, namely, delivering copies of the

> summons and complaint by "(1) [c]ertified mail to the agency, (2) certified mail to the U.S. Attorney General, and then (3) either certified mail to the Civil Process Clerk at the U.S. Attorney's Office, or personal service on one of the clerical employees or AUSAs specifically designated to receive service of process for the U.S. Attorney."

(*Id.*)

On May 16, 2018, the U.S. Marshal indicated the U.S. Attorney's Office was served with the summons and complaint. (Doc. 18) The agency and the U.S. Attorney General were not served.

Defendant filed the motion to dismiss the action now pending before the Court on July 13, 2018. (Doc. 24)

## II.     **The Federal Tort Claims Act**

The Federal Tort Claims Act provides district courts exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim with the appropriate federal agency within two years of the act or injury. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deem denied, may a claimant file an action in federal court. *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). An administrative claim must specify the amount of compensation requested, and a plaintiff may not later seek an amount in excess of the administrative claim. 28 U.S.C. § 2675. If the agency denies an administrative claim, suit must be filed within six months of the date of mailing of such denial. 28 U.S.C. § 2401(b). If the agency does not respond to the administrative claim within six months, the claimant may consider the lack of decision to be a denial, and initiate a civil action. 28 U.S.C. § 2675(a).

## III.    **Discussion and Analysis**

Defendant contends the case should be dismissed because it "is time-barred by the FTCA's six-month statute of limitations, Plaintiff "failed to effect service of process" on the United States

Department of Agriculture and "he failed to name the United States as the proper defendant." (Doc. 24 at 2) Because the Court determines the case is time-barred, it declines to consider the other arguments.

### A. Statute of Limitations and Equitable Tolling

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal for "failure to state a claim upon which relief can be granted." "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). Here, Defendant contends Plaintiff's complaint should be dismissed as time-barred under Rule 12(b)(6). (Doc. 24-1 at 5, 7)

#### 1. The FTCA's statute of limitations

When an agency denies an administrative claim, a suit must be filed within six months of the date of mailing of such denial. 28 U.S.C. § 2401(b). The six-month statute of limitations is subject to equitable tolling in certain instances. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).

The Supreme Court determined that in general, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (citation omitted); *Holland v. Florida*, 560 U.S. 631, 649 (2010) . The first element "covers those affairs within the litigant's control," and prevents tolling "when a litigant was responsible for [his] own delay." *Menominee*, 136 S. Ct. at 756. Thus, the Court must determine "whether the plaintiff was 'without any fault' in pursuing his claim." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd Wong*, 135 S. Ct. at 1630. The second element requires the party to show "some extraordinary circumstance stood in [his] way and prevented timely filing" of the action. *Menominee Indian Tribe*, 136 S. Ct. at 755 (citation omitted). A pro se litigant's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

///

///

2. Discussion

Defendant contends that with the applicable statute of limitations, "Plaintiff's administrative tort claim was denied on April 4, 2017, and he was therefore required to file this lawsuit in federal district court by October 4, 2017." (Doc. 24-1 at 7) According to Defendant, "Because Plaintiff filed this lawsuit on November 21, 2017, it must be dismissed as time-barred." (*Id.*) Defendant argues the doctrine of equitable tolling should not be applied because "no 'extraordinary circumstance' prevented Plaintiff from timely filing his lawsuit in federal district court." (*Id.*) Defendant observes that Plaintiff "*did file* timely lawsuit—but in the wrong forum, and contrary to USDA's express instructions," and argues this "error is not grounds for equitable tolling." (*Id.*)

Equitable tolling may be applied where a plaintiff timely filed a complaint in the wrong court. *Burnett v. New York Central R. Co.*, 380 U.S. 424, 426-430 (1965); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (observing equitable tolling can be applied "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"). In deeming equitable tolling to be appropriate, the Supreme Court reasoned that tolling is justified because the defendant received timely notice of the plaintiff's claims, there was no resulting prejudice, and the plaintiff acted with diligence. *See Burnett*, 380 U.S. at 429-30; *compared with Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151-52 (1984) (rejecting equitable tolling request where, though there was an "absence of prejudice," the plaintiff "fail[ed] to act diligently" and did not file any complaint within applicable limitations period).

After receiving the notice that his administrative claim was denied on April 4, 2017 (Doc. 14 at 7), Plaintiff filed a complaint in the state court on August 29, 2017, which was within the six-month statute of limitations. This complaint was removed to the district court on September 28, 2017. The statute of limitations expired on October 4, 2017. The next day, on October 5, 2017, the defendant filed a motion to dismiss the complaint under the doctrine of derivative jurisdiction. The motion was heard by the Court on November 21, 2017. At that time, Plaintiff was evidently informed that the Court was construing his complaint to state a claim under the Federal Tort Claims Act and that the defendant's motion would be granted, as the very same date—before the Court even issued a written order on the motion—Plaintiff filed an action with the district court, identifying the Federal Tort

6

Claims Act as the basis for the Court's jurisdiction. (*See* Doc. 1 at 4)

It is clear this is a case in which the plaintiff "actively pursued his judicial remedies by filing a defective pleading during the statutory period." *See Irwin*, 489 U.S. at 96. Plaintiff did not delay in filing his various actions. He "did not sleep on [his] claims," and acted diligently by promptly filed the second action after the hearing on November 21, 2017.

On the other hand, it is clear that Mr. DeJohn *knew* he was obligated to file his action in federal court. (Doc. 14 at 7) He has offered no explanation why he chose to ignore the express instruction provided to him (*Id.*) and to file the case in state court. As noted by the defendant, Mr. DeJohn has misstated the instruction given to him as to where to file his action when he modifies the language in his Second Amended Complaint to suggest he was told to file the action in the "local" court rather than the federal court. (*Compare* Doc. 14 at 3 with Doc. 14 at 7) The Court has no explanation why he did this or, more importantly, why he failed to follow the express filing instructions.

Though courts have held that filing in the wrong court may entitle a litigant to equitable tolling in general, the Court has located no authority for the proposition that a litigant is entitled to tolling when he was properly advised of filing obligations but failed to comply. Thus, the Court cannot find the first prong of equitable tolling applies; the fault for the decision to file in state court was the plaintiff's. *Menominee*, 136 S. Ct. at 756; *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd Wong*, 135 S. Ct. at 1630. Even if the Court found that this filing decision occurred through negligence, this would not satisfy the second element of an "extraordinary circumstance" that was beyond Mr. DeJohn's control.

///
///
///
///
///
///
///
///

Though the Court is disturbed by the outcome of this case, it does not find it has the discretion to ignore the Supreme Court or Ninth Circuit precedent. Given this, the Court must find that the plaintiff is not entitled to equitable tolling. Consequently, the Court finds the doctrine of equitable tolling does not apply to this action and Defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.

IT IS SO ORDERED.

Dated: **August 31, 2018**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE